UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARTY,<br><br>  Plaintiff,<br><br>  v.<br><br>CONTINENTAL INSURANCE COMPANY, THE,<br><br>  Defendant. | Case No. 13-cv-02545-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 11 |

Plaintiff Anthony Harty seeks to recover compensatory and punitive damages against defendant The Continental Insurance Company ("Continental") arising out of Continental's termination of Harty's insurance coverage. Compl. ¶ 1. Continental has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) asserting that Harty's claims are preempted by The Defense Base Act, 42 U.S.C. § 1651 *et seq.* (the "DBA"). As discussed below, Harty's causes of action are barred by the exclusive remedial scheme set forth in the DBA. Therefore, the Motion to Dismiss is GRANTED with PREJUDICE.

## BACKGROUND

On August 6, 2008, Harty was injured in a vehicle accident while working as a member of a security detail in Iraq. Compl. ¶ 30. Harty was paid workers compensation benefits pursuant to the DBA under an insurance policy issued by Continental. Compl. ¶ 32. On June 6, 2011, Continental allegedly improperly terminated Harty's insurance coverage and discontinued payments.[1] Compl. ¶ 32. Harty filed this case on June 5, 2013 and alleges causes of action for (1)

---

[1] Continental asserts that it ceased making payments because it determined that Harty was not employed by Continental's named insured, Sabre International Security, when he sustained his injuries. Compl. ¶ 32, Ex. A. Continental determined that Harty was employed by a different company, SIS Iraq, Ltd., and therefore "DBA benefits should have never been paid under the policy." *Id*. Ex. A. This determination was based on a court's decision issued in a tort action filed by Harty in England, where Harty asserted, and the court found, that Harty was employed by SIS,

1  negligence; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; and
2  (4) declaratory relief.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if the court does not have subject matter jurisdiction over it. The plaintiff bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In reviewing a "facial" jurisdictional attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *Wolfe*, 392 F.3d at 362.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

The Defense Base Act establishes a uniform, no-fault federal worker's compensation scheme for civilian contractors and their employees for injuries sustained while working outside of

---

Iraq, Ltd., not Sabre International Security. *Id*. Ex. A; Dkt. No. 11-1, Ex. 1.
   Harty now asserts that he was an employee of Sabre International Security under the "borrowed servant doctrine." Dkt. No. 12 at 15-19. Because Harty's claims are barred by the exclusive scheme set forth in the DBA, this Order does not reach the merits of those arguments.

the continental United States.  *Kalama Serv., Inc. v. Dir., Office of Workers' Comp. Programs*, 354 F.3d 1085, 1090 (9th Cir. 2004).  The DBA extends the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. (the "LHWCA") "to the injury or death of any employee engaged in any employment . . . under a contract entered into with the United States . . . where such contract is to be performed outside the continental United States . . . ."  42 U.S.C. § 1651(a)(4).  The DBA and LHWCA include provisions that limit an employer's liability to the remedies provided in those statues:

> The liability of an employer, contractor (or any subcontractor or subordinate subcontractor with respect to the contract of such contractor) under this chapter shall be exclusive and in place of all other liability of such employer, contractor, subcontractor, or subordinate contractor to his employees (and their dependents) coming within the purview of this chapter, under the workmen's compensation law of any State, Territory, or other jurisdiction, irrespective of the place where the contract of hire of any such employee may have been made or entered into.

42 U.S.C. § 1651(c); 33 U.S.C. § 905(a) ("The liability of an employer prescribed in section 4 [of the LHWCA] shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law . . . on account of [an employee's] injury or death.").  The DBA represents a compromise between employees and their employers:  "[e]mployers relinquish[ ] their defenses to tort actions in exchange for limited and predictable liability," and "[e]mployees accept the limited recovery because they receive prompt relief without the expense, uncertainty, and delay that tort actions entail."  *Morrison–Knudsen Constr. Co. v. Dir., Office of Workers' Comp. Programs*, 461 U.S. 624, 636 (1983).

The DBA is administered by the United States Department of Labor, in the administrative Office of Workers' Compensation Programs, subject to hearing and decision in contested cases by the Office of Administrative Law Judges in the Department of Labor, and administrative appeal to the Benefits Review Board.  33 U.S.C. §§ 919, 921(b)(3).  Once a plaintiff has exhausted these procedures, a party may appeal to the United States court of appeals for the circuit in which the injury occurred.  33 U.S.C. § 921(a)(5); *Pearce v. Dir., Office of Workers' Comp. Programs*, 603

3

F.2d 763, 770-71 (9th Cir. 1979).[2]

Consistent with the exclusive remedies provided in the statutes, the Ninth Circuit has held that the LHWCA, which is incorporated into the DBA, displaces common-law causes of action. *Sample v. Johnson*, 771 F.2d 1335, 1344-47 (9th Cir. 1985) (holding state claim for wrongful refusal to pay barred by exclusivity provisions of LHWCA). Here, Harty's causes of action against Continental all arise out of his underlying claims to DBA benefits. *See* Compl. ¶¶ 35-39 (alleging that Continental was negligent in denying DBA benefits), ¶¶ 40-46 (alleging breach of contract "to provide Defense Base Act statutorily required monetary, medical, and legal fees benefits"), ¶¶ 47-51 (alleging that the denial of benefits constituted breach of the covenant of good faith and fair dealing), ¶¶ 52-54 (requesting reinstatement of benefits and alleging that "defendant has a duty to provide plaintiff with Defense Base Act coverage"). Courts in several other circuits have likewise found the LHWCA and DBA's exclusive remedy scheme to bar claims like those alleged here. *See Barnard v. Zapata Haynie Corp.*, 975 F.2d 919, 920 (1st Cir. 1992) (holding that the LHWCA preempts claims for intentional failure to make timely compensation payments, as well as willful and malicious refusal to pay); *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 809–12 (5th Cir. 1988) (holding that LHWCA preempts claims alleging bad faith in terminating compensation benefits); *Hall v. C & P Tel. Co.*, 809 F.2d 924, 926 (D.C. Cir. 1987) (affirming district court dismissal and holding that claims based upon delayed or denied benefits "fall within the Act's exclusivity provisions"); *see also Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834–35 (1976) ("We have consistently held that a narrowly tailored employee compensation scheme preempts the more general tort recovery statutes."). Therefore, according to the binding authority in this Circuit, as well as persuasive authority from several other circuits, Harty's claims are barred by the exclusive scheme set forth in the DBA.

Harty argues that the DBA's exclusivity provision is inapplicable because Continental does not stand in the shoes of its insured. Dkt. No. 12 at 20-21. This argument is unavailing because it

---

[2] Harty's complaint does not allege that he has exhausted his administrative remedies. Even if Harty has pursued those remedies, the review of any final agency decision would not be in this Court, but in the appropriate circuit court.

4

is well-established that the DBA "completely equates the carrier with the employer" and "places the carrier in the employer's shoes" for purposes of immunity for common-law liability. *Johnson v. Am. Mut. Liability Ins. Co.*, 559 F.2d 382, 388 (5th Cir. 1977). Accordingly, courts have dismissed claims such as Harty's against insurance carriers. *See Nadheer v. Ins. Co. of Pennsylvania*, 506 F. App'x 297, 301 (5th Cir. 2013) (dismissing breach of contract claim against insurance carrier and rejecting arguments that "call[] into question this court's longstanding rule that claims against insurers are implicitly preempted by the LHWCA's exclusivity provision"); *Brink v. XE Holding, LLC*, 910 F. Supp.2d 242 (D.D.C. 2012) (holding that state and federal law claims against government contractors and their insurance carriers are preempted by the DBA).

Harty asserted at oral argument that only tort claims, rather than claims regarding insurance coverage, are preempted by the DBA. This argument fails because claims like those asserted here against insurers for termination of coverage are preempted. *See Nadheer*, 506 F. App'x at 301 (holding that breach of contract claim against insurance carrier is preempted and stating, "the whole theory of the [LHWCA], and of similar compensation legislation, is to provide the injured workman with certain and absolute benefits in lieu of *all* common law damages.") (emphasis in original) (citation omitted). Harty asserted that *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808 (5th Cir. 1988) supports his position, but *Atkinson* similarly held that the DBA preempts claims for termination of insurance coverage. *Id.* at 812 ("Since the Act itself provides not only for payment of benefits, but also for redress in the event of nonpayment of benefits, and further does not distinguish between good faith and bad faith nonpayment of benefits, the apparent intent of the Act is that the penalty provisions provide the exclusive remedy for late payment or nonpayment of benefits.") (citation omitted).

Harty also asserted at oral argument that the Court has primary jurisdiction over his claim, and named several cases, none of which support his argument. To quote two of the cases that Harty referred to, "[t]he doctrine of primary jurisdiction allows a federal court to refer a matter extending beyond the conventional experiences of judges or falling within the realm of administrative discretion to an administrative agency with more specialized experience, expertise, and insight," *Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 46 F.3d 220, 222-23 (2d Cir.

5

1995), and thus "the judicial process is suspended pending referral of such issues to the administrative body for its views." *United States v. W. Pac. R. Co.*, 352 U.S. 59, 63 (1956). In other words, primary jurisdiction allows a court to defer its power to hear a case pending an administrative decision. It is not a doctrine that can avoid the effects of pre-emption and the exclusive remedial scheme of the DBA.

Additionally, Harty fails to state a claim upon which relief can be granted. The crux of Harty's argument is that he is owed DBA benefits because he was an employee of Continental's named insured under a "borrowed servant" theory.[3] Dkt. No. 12 at 15-19. Even if Harty were successful on this theory, his causes of action would be barred in this Court and his exclusive remedy would be under the administrative scheme set forth by the DBA. *See Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1119 (11th Cir. 2011) (holding that plaintiff is a borrowed servant of defendant and therefore plaintiff's negligence claims are barred under the LHWCA). Therefore, the Court cannot grant Harty the relief that he seeks.

## CONCLUSION

For the reasons above, the motion to dismiss is GRANTED with PREJUDICE.

**IT IS SO ORDERED**.

Dated: December 6, 2013

WILLIAM H. ORRICK
United States District Judge

---

[3] The "borrowed servant" theory is typically asserted as a defense to a negligence action brought by a DBA/LHWCA beneficiary in order to render the defendant immune from suit in federal court. *See e.g., Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1119 (11th Cir. 2011); *Ladd v. Research Triangle Inst.*, 335 F. App'x 285, 288 (4th Cir. 2009); *Jackson v. Total E & P USA, Inc.*, 341 F. App'x 85 (5th Cir. 2009); *Peter v. Hess Oil Virgin Islands Corp.*, 903 F.2d 935, 937 (3d Cir. 1990). The Court is unaware of any cases where the borrowed servant theory is used to establish DBA eligibility, and Harty has cited none. In fact, the cases that Harty cites hold that a borrowed servant's claims are barred. *See* Dkt. No. 12 at 16. As noted above, because Harty's claims are barred in this Court by the exclusive scheme set forth in the DBA, this Order does not reach the merits of his arguments.